FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2015 DEC -2 PM 12: 02

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BANK OF THE OZARKS,           )
                              )
     Plaintiff,               )
                              )
v.                            )    CASE NO. CV414-022
                              )
ALEXANDER P. GRIKITIS, and ANDRE )
GRIKITIS,                     )
                              )
     Defendants.              )
                              )

# O R D E R

Before the Court is Plaintiff's First Amended Motion for Default Judgment Against Defendants (Doc. 29), to which there has been no response. In this motion Plaintiff requests a default judgment against Defendants Alexander P. Grikitis and Andre Grikitis on liability. (Doc. 30 at 1.)[1] For the following reasons, Plaintiff's motion is **GRANTED**.

There is no right to judgment by default; the matter lies within this Court's discretion.[2] Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Further, default judgment can only be entered if the record adequately reflects the basis for the award.

---

[1] Plaintiff noted in its amended motion that it was also concurrently voluntarily dismissing the case against Defendant 3301 East Victory Drive, LLC. This Court dismissed that Defendant pursuant to Plaintiff's request on April 21, 2015. (Doc. 26.)
[2] If necessary, the Court may hold a hearing on the matter of default judgment. Fed. R. Civ. P. 55(b)(2). After careful consideration, the Court finds that an evidentiary hearing on damages is unnecessary as "the amount of damages is liquidated or can be reduced to a sum certain." Producers Credit Corp., v. McCleskey, 2015 WL 6126831, at *2 (M.D. Ga. Oct. 16, 2015).

Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985). Here, the record is sufficient to support an award of damages. Specifically, the record contains an affidavit signed and sworn to under penalty of perjury by Ryan Tanner establishing the amount of damages in this case. Accordingly, the Court finds that it is appropriate to enter default judgment in this case.

In addition to damages for principal, interest, and bank fees, Plaintiff requests attorney's fees under O.C.G.A. § 13-1-11. According to O.C.G.A. § 13-1-11 "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness . . . shall be valid and enforceable and collectable as part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity." If the note does not specify the percent of the attorney's fees, they are statutorily construed to "mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00." Id. Here, the notes contemplate attorney's fees of 15 percent of the principle and interest. (Doc. 31 at 15.) However, a party seeking attorney's fees must provide the debtor with written notice stating that the debtor has ten days to pay the principal and interest without liability for attorney's fees. O.C.G.A. § 13-1-11. In this case, the record contains unrebutted evidence indicating that these requirements were met. (Doc. 1 at 16-17.)

2

Accordingly, the individual damages broken down by principal, interest, bank fees, and attorney's fees through December 2, 2015 are ascribed below.

A. The First Note

   Principle - $738,185.57

   Interest - $93,640.31

   Late Charges - $412.97

   Attorney's Fees - $124,773.88

   **Total** - $957,012.73

B. The Second Note

   Principle - $497,302.13

   Interest - $65,851.92

   Late Charges - $146.80

   Attorney's Fees - $84,473.11

   **Total** - $647,773.96

Accordingly, the Court hereby **ENTERS JUDGMENT** against Defendants Alexander P. Grikitis and Andre Grikitis and **AWARDS** Plaintiff damages in the amount of $1,604,786.69.

All other pending motions in this case are **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 2ᴺᴰ day of December 2015.

_____
WILLIAM T. MOORE, JR.,
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA